UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.   13-62188-JWC |
| | ) | |
| QUANG DUY NGUYEN, | ) | CHAPTER   7 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**MOTION FOR APPROVAL OF AGREEMENT
BETWEEN TRUSTEE AND EVALINE NGUYEN**

COMES NOW, Neil C. Gordon, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate of (the "**Estate**") of Quang Duy Nguyen ("**Debtor**") and, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, files this *Motion for Approval of Agreement Between Trustee and Evaline Nguyen* (the "**Settlement Motion**"), and shows this Honorable Court as follows:

**Factual Background**

1. Debtor filed the above-styled bankruptcy case by filing a voluntary petition under Chapter 7 of Title 11 of the United States Code on June 3, 2013 (the "**Petition Date**"), initiating Case No. 13-62188-JWC (the "**Case**").

2. On the Petition Date, Trustee was appointed to the Case as interim Chapter 7 trustee, pursuant to 11 U.S. C. § 701(a)(1).

3. Trustee concluded the meeting of creditors on July 1, 2013, pursuant to 11 U.S.C. § 341(a), after which time, he became the permanent Chapter 7 Trustee, pursuant to 11 U.S.C. § 702(d).

12257542v1

4. Trustee filed his *Application to Appoint Attorney for Trustee* [Doc. No. 9] on July 2, 2013, and the Court entered an *Order* [Doc. No. 10] on July 3, 2013, authorizing the appointment of Arnall Golden Gregory LLP as attorneys for Trustee.

### *The Property*

5. Pursuant to his *Schedule A – Real Property*, Debtor scheduled his undivided one-half ownership interest in that certain real property known generally as 2202 Lake Haven Way, Suwanee, Gwinnett County, Georgia 30024 (the "**Property**"), which he jointly owns with his non-filing spouse, Evaline Nguyen ("**Ms. Nguyen**").

6. Pursuant to his Sworn Schedules, *Schedule D – Creditors Holding Secured Claims*, Debtor schedule one claim against the Property: a "mortgage" in favor of Bank of America ("**BANA**") in the amount of $162,494.00 as of the Petition Date.

7. The Property is also encumbered by a federal tax lien against Debtor and Ms. Matteson in the amount of $34,900.00.

8. Trustee obtained a full title examination of the Property effective July 10, 2013 (the "**Title Report**"), which confirms the *Security Deed* of BANA (the "**BANA Deed**").

9. However, based on Trustee's title investigation, he determined that the BANA Deed is unenforceable against the Estate's one-half interest in the Property (the "**Estate's Property Interest**") because the Debtor is not a party to the BANA Deed. The BANA Deed was signed only by Ms. Nguyen, leaving the Estate's Property Interest unencumbered as to the BANA Deed.

10. Accordingly, on October 15, 2015, Trustee filed a *Complaint* [Doc. No. 20]

12257542v1

against BANA, initiating adversary proceeding Case No. 15-05402-JWC (the "**Lawsuit**"). Trustee and BANA have now reached an agreement that BANA has no security interest in the Estate's Property Interest.

11. Based upon a real estate broker's inspection of the Property and completing a comparative marketing analysis, it appears the Property would support a listing price of 270,000.00.

12. Debtor and Ms. Nguyen understand the Property must be sold.

CONSENT TO SELL CO-OWNED PROPERTY
AND WAIVER OF SECTION 363 (h) REQUIREMENTS

13. Accordingly, pursuant to a *Settlement Agreement,* dated April 27, 2018, between Trustee and Ms. Nguyen (the "**Agreement**"), Ms. Nguyen has waived the requirements that a lawsuit be filed, pursuant to 11 U.S.C. § 363(h), and consented to Trustee's sale of the Property by motion under 11 U.S.C. §§ 363(b) and (f). The Agreement is attached hereto marked as Exhibit "A" and incorporated herein by reference.

14. The "Net Sale Proceeds" shall mean all gross proceeds of sale, less (i) any outstanding *ad valorem* real property taxes, (ii) the pro-rated share of 2018 *ad valorem* real property taxes, (iii) any water and sewer liens, (iv) real estate commissions, (v) all routine closing costs, and (vi) all costs necessary to close a sale of the Property.

15. The Net Sale Proceeds shall be held in escrow or in Trustee's bonded fiduciary account subject to further order of the Bankruptcy Court approving and authorizing the distribution thereof.

12257542v1

RELIEF

16. By this Settlement Motion, the Trustee seeks entry of an order, pursuant to Rule 9019 of the Bankruptcy Rules and applicable law, granting the Settlement Motion and approving the Agreement.

BASIS FOR REQUESTED RELIEF

17. Rule 9019(a) of the Bankruptcy Rules provides, in pertinent part: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

18. The standard in the Eleventh Circuit for determining whether to approve a compromise or settlement pursuant to Rule 9019(a) was articulated in Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.), 898 F.2d 1544 (11th Cir. 1990):

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:
>
> (a) The probability of success in the litigation;
> (b) the difficulties, if any, to be encountered in the matter of collection;
> (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it;
> (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1549.

19. Trustee asserts that the Agreement is in the best interests of the Estate because it (a) avoids the delay and uncertainty of a sale of the Property, pursuant to 11

12257542v1

U.S.C. § 363(h); (b) reduces the administrative expenses that would otherwise be incurred; and (c) will result in a meaningful distribution to creditors.

  WHEREFORE, having filed this Settlement Motion, Trustee prays that the Settlement Motion be granted, the Agreement approved, and that the Court grant Trustee such other and further relief as it may deem just and proper.

              Respectfully submitted,

              ARNALL GOLDEN GREGORY, LLP

              By: *s/ Neil C. Gordon*
                Neil C. Gordon
                State Bar No. 302387
171 17th Street
Suite 2100
Atlanta, Georgia 30363-1031
404.873.8596/*neil.gordon@agg.com*
Attorneys for the Chapter 7 Trustee

12257542v1

# EXHIBIT "A" FOLLOWS

12257542v1



**Arnall Golden Gregory** LLP

Atlanta Office
171 17th Street NW, Suite 2100
Atlanta, GA 30363-1031
Direct phone: 404.873.8596
Direct fax: 404.873.8597
E-mail: neil.gordon@agg.com

April 27, 2018

Evaline Nguyen
c/o Kerry E. Hand
Stephen Law Firm, LLC
4411 Suwanee Dam Road, Suite 820
Suwanee, GA 30024

      Re:    Quang Duy Nguyen
              Chapter 7, Case No. 13-62188-JWC
              Adv. No. 15-05402 - JWC
              **Agreement for Sale of Property of the Estate**

Dear Ms. Nguyen:

    As you know, I, Neil C. Gordon, serve as the Chapter 7 Trustee ("**Trustee**") for the Bankruptcy Estate of Quang Duy Nguyen ("**Debtor**"). This firm has been appointed to represent the Trustee in that capacity.

    You, along with your husband, the Debtor, jointly own the real property known generally as 2202 Lake Haven Way, Suwanee, Gwinnett County, Georgia 30024-3252 (the "**Property**"), in which you have a fifty (50%) percent undivided ownership interest. Pursuant to 11 U.S.C. § 704(a)(1), it is the Trustee's fiduciary duty to collect and reduce to money property of the Debtor's Bankruptcy Estate, which includes his fifty (50%) percent undivided ownership interest in the Property.

    Pursuant to our conversation today, it is our understanding that you agree to have your interest in the Property sold and consent to the Trustee's sale of the Property.

    Accordingly, the Trustee will pursue a sale of the Property. As the Trustee, he will have the discretion to change the listing price at any time and to accept a sale contract for such price as he determines to be appropriate based solely on his judgment and discretion.

_/s/ NCG_                                                                 _/s/ EN_
                                                                            E.N.

12207540v1



April 27, 2018
Page 2

However, no sale can be closed without approval of the Bankruptcy Court after notice to all interested parties and a hearing. If you disagree for any reason with the sale contract presented to the Bankruptcy Court for approval, you have the right to file an objection with the Bankruptcy Court. Hopefully, we will all be in agreement on any sale contract for the Property.

This letter will confirm that your attorney, Kerry E. Hand ("**Mr. Hand**"), has explained to you below the procedures normally governing the Trustee's ability to sell property of the Bankruptcy Estate. To reiterate, if the Property were solely owned by the Debtor, the Trustee would be able to obtain Bankruptcy Court authority, after noticing a hearing to all creditors, simply by filing a motion and obtaining a hearing before the Bankruptcy Court, which normally takes thirty (30) days or less, pursuant to 11 U.S.C. § 363(b) and (f). However, where property is also co-owned by a party who is not a debtor in the bankruptcy case, the Trustee would normally have to proceed with an adversary proceeding (i.e., a lawsuit and judgment) to obtain the authority to proceed with a sale of the property pursuant to 11 U.S.C. § 363(h). This more extensive requirement of a lawsuit and judgment in order to sell the Property can be waived by the party who is the non-debtor co-owner. In this case, you have advised (by providing your signature below) that you would indeed waive the requirement that the Trustee proceed by lawsuit and judgment pursuant to 11 U.S.C. § 363(h) and, instead, have agreed that the Trustee may proceed by motion pursuant to 11 U.S.C. § 363(b) and (f). Subject to Bankruptcy Court approval and your right to object, the Trustee will have the authority to accept a particular contract for the sale of the Property.

In terms of the Trustee's sale of the Property through the Bankruptcy Court process, the Property will be sold free and clear of all liens, interests and encumbrances, with all such liens, interest and encumbrances attaching to the sale proceeds remaining after payment of any outstanding ad valorem real estate taxes and the pro-rated share of 2018 ad valorem real estate taxes, any water and sewer liens, real estate commissions, all routine closing costs, and all costs necessary to close a sale of the Property (the "**Net Sale Proceeds**"). The Net Sale Proceeds shall be held in escrow or in Trustee's bonded fiduciary account subject to further order of the Bankruptcy Court approving and authorizing the distribution thereof.

*[signature]*                                                    *[signature]* E.N.
                                                                  E.N.

12207540v1



April 27, 2018
Page 3

If this letter accurately reflects your agreement with respect to the foregoing terms, including a waiver of the § 363(h) requirement of a lawsuit and judgment and consent for the Trustee to obtain Court authority to sell the Property by motion, please simply **initial each page and sign where indicated below.**

Very truly yours,

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

Neil C. Gordon

NCG/njo

I hereby agree to the foregoing terms of any sale of the Property and specifically waive the requirements under 11 U.S.C. § 363(h) so the Trustee may sell the Property upon motion pursuant to 11 U.S.C. §§ 363(b) and (f) upon the terms set forth hereinabove.

Evaline Nguyen

12207540v1

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the following parties with a true and correct copy of the foregoing pleading by depositing same in the United States Mail, postage prepaid, addressed to:

Office of the U.S. Trustee
362 Richard Russell Federal Bldg.
75 Ted Turner Drive, S.W.
Atlanta, GA  30303

Kerry Hand
Nguyen Stephen, PC
Suite 202
5430 Jimmy Carter Blvd.
Norcross, GA 30093

Quang Duy Nguyen
2202 Lake Haven Way
Suwanee, GA 30024

Evaline Nguyen
2202 Lake Haven Way
Suwanee, GA 30024

This 15th day of May, 2018.

*/s/ Neil C. Gordon*
Neil C. Gordon

12257542v1