UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 13-62188-JWC |
| | ) | |
| QUANG DUY NGUYEN, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| Neil C. Gordon, Chapter 7 Trustee | ) | |
| For the Estate of Quang Duy Nguyen, | ) | |
| | ) | |
| Movant. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EVALINE NGUYEN, | ) | |
| | ) | |
| Respondent. | ) | |

**MOTION TO HOLD EVALINE NGUYEN IN CONTEMPT OF COURT**

Neil C. Gordon, Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate (the "**Estate**") of Quang Duy Nguyen (the "**Debtor**") files this *Motion to Hold Evaline Nguyen in Contempt of Court*, pursuant to Rules 9014 and 9020, Fed. R. Bankr. P., and in support thereof shows this Court as follows:

**Background**

1. Debtor filed the above-styled bankruptcy case by filing a voluntary petition under Chapter 7 of Title 11 of the United States Code on June 3, 2013 (the "**Petition Date**"), initiating Case No. 13-62188-JWC (the "**Case**").

12435259v1

2. On the Petition Date, Trustee was appointed to the Case as interim Chapter 7 trustee, pursuant to 11 U.S. C. § 701(a)(1).

3. Trustee concluded the meeting of creditors on July 1, 2013, pursuant to 11 U.S.C. § 341(a), after which time, he became the permanent Chapter 7 Trustee, pursuant to 11 U.S.C. § 702(d).

4. Trustee filed his *Application to Appoint Attorney for Trustee* [Doc. No. 9] on July 2, 2013, and the Court entered an *Order* [Doc. No. 10] on July 3, 2013, authorizing the appointment of Arnall Golden Gregory LLP as attorneys for Trustee.

### a. The Property

5. Pursuant to his *Schedule A – Real Property*, Debtor scheduled his undivided one-half ownership interest in that certain real property known generally as 2202 Lake Haven Way, Suwanee, Gwinnett County, Georgia 30024 (the "**Property**"), which he jointly owns with his non-filing spouse, Evaline Nguyen ("**Ms. Nguyen**").

6. Pursuant to his *Schedule D – Creditors Holding Secured Claims*, Debtor scheduled one claim against the Property: a "mortgage" in favor of Bank of America ("**BANA**") in the amount of $162,494.00 as of the Petition Date.

7. The Property is also encumbered by a federal tax lien against Debtor and Ms. Nguyen in the amount of $34,900.00 (the "**Tax Lien**").

### b. The Lawsuit

8. Trustee obtained a full title examination of the Property effective July 10, 2013 (the "**Title Report**"), which confirmed the *Security Deed* of BANA (the "**BANA Deed**").

12435259v1

9. Based on his title investigation, Trustee determined that the BANA Deed is unenforceable against the Estate's one-half interest in the Property (the "**Estate's Property Interest**") because the Debtor is not a party to the BANA Deed. The BANA Deed was signed only by Ms. Nguyen, leaving the Estate's Property Interest unencumbered as to the BANA Deed.

10. Accordingly, on October 15, 2015, Trustee filed a *Complaint* [Doc. No. 20] against BANA, initiating adversary proceeding Case No. 15-05402-JWC (the "**Lawsuit**"). Trustee and BANA have now reached an agreement that BANA has no security interest in the Estate's Property Interest.

### c. The Agreement Between Trustee and Ms. Nguyen

11. Based on the Tax Lien and the pending Lawsuit, Debtor and Ms. Nguyen understood the Property must be sold.

12. Accordingly, pursuant to a *Settlement Agreement,* dated April 27, 2018, between Trustee and Ms. Nguyen (the "**Agreement**"), Ms. Nguyen waived the requirements that a lawsuit be filed, pursuant to 11 U.S.C. § 363(h), and consented to Trustee's sale of the Property by motion under 11 U.S.C. §§ 363(b) and (f).

13. At the time the Agreement was executed, Trustee met with Ms. Nguyen, Debtor and Debtor's attorney. The Debtor is an experienced real estate agent and expressed his belief that an appropriate starting list price for the Property would be $270,000.00. Based on Debtor's experience as a realtor and his intimate knowledge of the Property, Trustee agreed to start the listing price at $270,000.00. Ms. Nguyen was in agreement with the listing price at that time.

12435259v1

14. The Agreement provided that "the 'Net Sale Proceeds' shall mean all gross proceeds of sale, less (i) any outstanding *ad valorem* real property taxes, (ii) the pro-rated share of 2018 *ad valorem* real property taxes, (iii) any water and sewer liens, (iv) real estate commissions, (v) all routine closing costs, and (vi) all costs necessary to close a sale of the Property."

15. The Agreement further provided that "the Net Sale Proceeds shall be held in escrow or in Trustee's bonded fiduciary account subject to further order of the Bankruptcy Court approving and authorizing the distribution thereof."

16. On May 15, 2018, Trustee filed a *Motion for Approval of Agreement Between Trustee and Evaline Nguyen* [Doc. No. 30].

17. On June 15, 2018, the Court entered an *Order* [Doc. No. 35], approving the Agreement (the "**Agreement Order**").

### d. Employment of Realtor Approved

18. Accordingly, on May 15, 2018, Trustee filed an *Application to Employ Real Estate Agent Under Listing Agreement* [Doc. No. 32].

19. On May 16, 2018, the Court entered an *Order* [Doc. No. 33], approving the employment of Coldwell Banker Residential Brokerage and Robin Blass/Lauren Blass (collectively, the "**Realtor**") as his listing agent for the Property, at a starting listing price of $270,000.00 and a six (6%) percent commission of the selling price (the "**Realtor Order**").

**REQUEST FOR ORDER**
**HOLDING EVALINE NGUYEN IN CONTEMPT OF COURT**

20. Ms. Nguyen is in contempt of the Agreement Order.

21. It has been two (2) months since the Realtor Order was entered. To date, Ms. Nguyen has failed and refused to allow the Property to be marketed for sale. Indeed, Ms. Nguyen has removed the Realtor's lockbox from the door and refuses to allow the Realtor to place her for-sale sign in the front yard. Moreover, every effort to show the Property has failed, as Ms. Nguyen has refused to allow the potential buyers to see the Property.

22. Further, Ms. Nguyen now states that she disagrees with the $270,000.00 listing price.

23. In the Agreement, Ms. Nguyen agrees to have her interest in the Property sold by Trustee and consents to any such sale.

24. Also, in the Agreement, Ms. Nguyen specifically agreed that the Trustee "will have the discretion to change the listing price at any time and to accept a sale contract for such price as he determines to be appropriate based solely on his judgment and discretion." (Ms. Nguyen retains the right to assert an objection to any proposed sale based upon insufficient sale price or other reasons).

25. Ms. Nguyen's actions have shown blatant disregard for this Court and the Trustee. Ms. Nguyen has made no effort whatsoever to do as she agreed and as ordered by this Court in the Agreement Order.

26. The Trustee seeks to have the Court set a hearing for Ms. Nguyen to show cause why she should not be held in civil contempt of the Agreement Order and, if necessary, incarcerated until she complies with same or otherwise purges such contempt.

WHEREFORE, the Trustee respectfully requests that this Court issue an order:

a. Directing Ms. Nguyen to show cause why she should not be held in civil contempt of Court for violating the Agreement Order and incarcerated until she complies with same or otherwise purges such contempt; and

b. Directing Ms. Nguyen to pay reasonable attorneys' fees and expenses incurred in obtaining this Order; and

c. Granting such other and further relief as the Court may deem just and proper.

Respectfully submitted,

ARNALL GOLDEN GREGORY, LLP
*Attorneys for Trustee*

By: */s/ Neil C. Gordon*
Neil C. Gordon
State Bar No. 302387
171 17th Street, N.W.
Suite 2100
Atlanta, GA 30363-1031
Phone: (404) 873-8500; Fax: (404)873-8501
Email: neil.gordon@agg.com

12435259v1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 13-62188-JWC |
| | ) | |
| QUANG DUY NGUYEN, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Neil C. Gordon, Chapter 7 Trustee For the Estate of Quang Duy Nguyen, | ) ) ) | |
| Movant. | ) | |
| v. | ) | |
| EVALINE NGUYEN, | ) | |
| Respondent. | ) | |

### NOTICE OF HEARING ON MOTION TO HOLD
### EVALINE NGUYEN IN CONTEMPT OF COURT

**PLEASE TAKE NOTICE** that Neil C. Gordon, Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate of Quang Duy Nguyen (the "**Debtor**"), filed his *Motion to Hold Evaline Nguyen in Contempt of Court* (the "**Motion**"). The Trustee seeks to have the Court issue an order directing Evaline Nguyen to show cause why she should not be held in contempt for failing to comply with the *Order* [Doc. No. 35], granting the *Motion for Approval of Agreement Between Trustee and Evaline Nguyen* [Doc. No. 30] and approving the Agreement.

**PLEASE TAKE FURTHER NOTICE that the Court will hold a hearing on the Motion in Courtroom 1203, U.S. Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia at 11:00 a.m. on August 2, 2018**.

Your rights may be affected by the Court's ruling on the Motion. You should read the Motion carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.). If you do not want the Court to grant the relief sought in the Motion or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You

12435259v1

may also file a written response to the Motion with the Clerk at the address stated below, by you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two (2) business days before the hearing. The address of the Clerk's Office is: 1340 Russell Federal Building, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303. You must also mail a copy of your response to the counsel for the Trustee, Neil C. Gordon, Arnall Golden Gregory LLP, 171 17th Street, N.W., Suite 2100, Atlanta, GA 30363-1031.

Dated: July 16, 2018               By: */s/ Neil C. Gordon*
                                        Neil C. Gordon
                                        State Bar No. 302387
                                   171 17th Street, N.W.
                                   Suite 2100
                                   Atlanta, GA 30363-1031
                                   Phone: (404) 873-8500; Fax: (404)873-8501
                                   Email: neil.gordon@agg.com
                                   Attorneys for Chapter 7 Trustee

12435259v1

# CERTIFICATE OF SERVICE

       I, Neil C. Gordon, do hereby certify that I have this day served all interested parties with a true and correct copy of the foregoing *Motion to Hold Evaline Nguyen in Contempt of Court* and *Notice of Hearing on Motion to Hold Evaline Nguyen in Contempt of Court* by depositing same in the United States Mail, postage prepaid, addressed to:

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, S.W.
Atlanta, GA 30303

Evaline Nguyen
2202 Lake Haven Way
Suwanee, GA 30024

Kerry Hand
Nguyen Stephen, PC
Suite 202
5430 Jimmy Carter Blvd.
Norcross, GA 30093

Quang Duy Nguyen
2202 Lake Haven Way
Suwanee, GA 30024

       This 16th day of July, 2018.

*/s/ Neil C. Gordon*
Neil C. Gordon
State Bar No. 302387

171 17th Street, N.W., Suite 2100
Atlanta, GA 30363-1031
Phone: (404) 873-8500; Fax: (404)873-8501
Email: neil.gordon@agg.com

12435259v1